UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DL STAR, LLC | CIVIL ACTION NO. 14-0952 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ROYAL SEAL CONSTRUCTION, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is an appeal from Magistrate Judge Hornsby's Memorandum Order that denied the Motion For Leave To File Amended Complaint filed by the Plaintiff, DL Star, LLC. [Record Document 11]. This case came before the Court based on its diversity jurisdiction: the Plaintiff, a LLC in Louisiana, originally filed suit against the Defendant, Royal Seal Construction, Inc., a Texas corporation, as the general contractor in a now disputed construction contract. The Plaintiff sought leave to file an amended complaint to add as a defendant Somdal Associates, LLC ("Somdal"), a Louisiana LLC, the architect for the construction project. The Plaintiff's proposed amendment was filed after the Defendant made allegations in its counterclaim concerning Somdal's role in the dispute. [Record Document 8]. If Somdal is added as a defendant in this matter, this Court will be divested of jurisdiction and must remand the case to state court. For the reasons set forth below, this Court **AFFIRMS** the Magistrate Judge's Memorandum Order [Record Document 11] denying the Plaintiff's Motion for Leave To File Amended Complaint. [Record Document 8].

**I.      Background**

The case arises from the alleged breach of a construction contract between the Plaintiff and the Defendant regarding a Carl's Jr. Restaurant and an Orange Leaf Yogurt Shop. Record Document 12-1, p.1. After the Plaintiff set forth its original allegations in a state court petition in the First Judicial District Court in Caddo Parish, Louisiana, the case was removed to this Court on May 7, 2014, based on diversity. Record Document 1, p.2. The Defendant then filed an answer and a counterclaim on May 30, 2014, specifically alleging that Somdal, as the construction project's architect, was the cause of many of the inconsistencies, delays, and modifications that affected the Defendant's ability to properly complete the project on time. Record Document 7, p.11.[1] However, the Defendant did not name Somdal as a party in the counterclaim. Id., at pp.8-9.

On June 12, 2014, the Plaintiff filed its Motion for Leave To File Amended Complaint that sought to add Somdal as a defendant as well. Record Document 8. In its Memorandum in Support, the Plaintiff alleges that its claim against Somdal arises out of the same transaction or occurrence–the construction project–as its claim against the Defendant. Record Document 8-1, p.3. The Defendant filed its opposition and argued that in light of the factors outlined in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), this Court should not grant the Plaintiff's motion. Record Document 10.

After consideration, the Magistrate Judge denied the Plaintiff's motion based on an analysis of the Hensgens factors. Record Document 11. In weighing the factors, the Magistrate Judge found that the Defendant's "interest in its choice of forum outweighs

---

[1] Eventually, on November 21, 2013, Somdal's involvement in the project ceased. Record Document 7, p. 11.

Plaintiff's interest in litigating against Defendant and Somdal in a single lawsuit." Id., at p.3.

The present procedural dispute now comes before this Court after the Plaintiff's appeal of the Magistrate Judge's Memorandum Order. Record Document 12.

## II.   Standard of Review

Under 28 U.S.C. § 636(b)(1)(A), a district court reviews a magistrate judge's ruling on a non-dispositive pretrial motion to determine whether that decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2012); Fruge v. Ulterra Drilling Techs., L.P., 883 F. Supp. 2d 692, 694 (W.D. La. 2012) (citing Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995)). A magistrate judge's legal conclusions are reviewed de novo, and the factual findings are reviewed for clear error. Jordan v. Patwardhan, No. 12-1575, 2013 WL 1333026, at *2 (W.D. La. Mar. 29, 2013) (citing Choate v. State Farm Lloyds, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)).

## III.   Law and Discussion

As the Magistrate Judge correctly set forth in his Memorandum Order, when a court is faced with making the determination of whether to amend a pleading to name a non-diverse defendant, such as Somdal, a court "should scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). While Rule 15(a) of the Federal Rules of Civil Procedure permits a court to "freely give leave when justice so requires", this decision with a non-diverse defendant will determine the continued jurisdiction of a court over a matter and requires the consideration of the decision made by the original defendant as to its choice of

forum. Fed. R. Civ. P. 15(a)(2); Hensgens, 833 F.2d at 1182. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," as in the instant case, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2012). The question now before this Court is whether the Magistrate Judge's decision to deny amending the complaint was either clearly erroneous or contrary to law.

Under the jurisprudence of the United States Court of Appeals for the Fifth Circuit, courts considering whether to grant leave to amend a pleading for a non-diverse defendant are required to balance the original defendant's interest in remaining in the federal forum with a plaintiff's interest in not having parallel suits in both state and federal courts. Hensgens, 833 F.2d at 1182. To weigh these interests, this Court must consider four factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." Id. In reviewing the Magistrate Judge's decision, this Court must balance these factors and determine whether the Memorandum Order should be affirmed or denied.

Both the Plaintiff and the Defendant focused their discussions on the first factor: to what extent the purpose of the amended pleading to add Somdal was to defeat diversity jurisdiction. The Magistrate Judge found that this factor weighed heavily in the Defendant's favor, reasoning the Plaintiff knew of Somdal's identity and the factual basis for any suit against Somdal relating to the construction project at the time the original state claim was filed. Record Document 11, p.3. Rather than include Somdal in

the state petition initially, the "Plaintiff simply chose not to sue Somdal until Defendant invoked its right to a federal forum." Id.

In its objection to the Memorandum Order, the Plaintiff explains that it had no reason to add Somdal as a possible defendant in this matter until the Defendant attempted to "shift blame" to Somdal in the counterclaim for some of the construction project's issues. Record Document 12-1, pp.3-4. It was not until the counterclaim, the Plaintiff reasons, that it had a basis or reason to add Somdal as a defendant. Id. Conversely, the Defendant explains that while the Plaintiff may have been unaware that the Defendant was going to allude to Somdal's fault in the counterclaim, the factual basis for a claim against Somdal by the Plaintiff was known at the time of the original state court petition. Record Document 14, pp.5-6. In support of this argument, the Defendant submitted the Plaintiff's recent state court petition against Somdal, which was filed on August 28, 2014, and stated that Somdal's revised structural foundation plan and incorrect dimensions for the project's slab caused substantial changes to be made. Record Document 19, Ex. A, p.2. In that new petition, the Plaintiff explains that this mistake to the project's foundation was discovered "on or about October 8, 2013." Id. Later, on November 21, 2013, the Plaintiff's construction manager advised the Defendant that Somdal's involvement was terminated. Record Document 14, p.5.

These circumstances indicate that not only was Somdal's identity known to the Plaintiff, but the factual basis for any claim against Somdal was also apparent at the time of the Plaintiff's initial state court petition, especially if Somdal's involvement in the project was terminated six months earlier. Thus, given this context, the Court finds that these facts support the Magistrate Judge's determination that this first Hensgens factor

weighs heavily in the Defendant's favor.

Second, in terms of whether the Plaintiff was dilatory in seeking the amendment, the Magistrate Judge found the Plaintiff was not dilatory in the general sense, but it did fail to provide an explanation for why Somdal was not included in the initial state court petition. Record Document 11, p.3.[2] The Plaintiff again objects to this explanation of the circumstances and urges this Court that it was only put on notice of the need to amend its complaint after the Defendant's counterclaim. Record Document 12-1, p.5. This Court agrees with the Magistrate Judge that the Plaintiff was not dilatory in amending the petition once the Defendant presented its answer and counterclaim, so the factor could arguably weigh in favor of amending the complaint. Despite the Plaintiff's lack of explanation for its delay, given its knowledge of a factual basis for suing Somdal, the Magistrate Judge's finding on this factor was not clearly erroneous.

Third, the Magistrate Judge found that the next factor was balanced fairly equally between the parties. In determining whether or not the Plaintiff would be significantly injured if the amendment were not allowed, the Magistrate Judge reasoned that the "Plaintiff is no worse off than it was when Plaintiff initially filed suit in state court without naming Somdal as an additional defendant," because the Plaintiff must still litigate the project's issues in state court. Record Document 11, p.3. In objecting to this finding, the Plaintiff argues that suing Somdal in state court means that it will be forced to litigate "complex construction claim[s] against separate defendants in separate forums,

---

[2] The Defendant conceded that the Plaintiff was not dilatory with the proposed amendment at issue, but it did reiterate the Magistrate Judge's concern for why the Plaintiff did not file suit against Somdal originally. Record Document 10, p.9, and Record Document 14, p.7.

doubling the time, effort, and expense of an already expensive venture." Record Document 12-1, p.5. While this is a genuine concern, the Court is not persuaded that the Magistrate Judge's decision was clearly erroneous given the facts. As the Defendant notes in opposition, if the Plaintiff was truly concerned about the burden of litigating separate claims, it would have included Somdal in the original state action given what it knew of Somdal's potential fault. Record Document 14, p.7.[3]

Finally, the Magistrate Judge found that the fourth factor–other factors bearing on the equities–weighs in the Defendant's favor. Record Document 11, p.3. As explained in the Memorandum Order, the decision to grant leave to amend a complaint for a non-diverse defendant requires analyzing the original defendant's interest in litigating the suit in its chosen forum. Id. Here, the Plaintiff offered no specific objection to the Memorandum Order that found that the Defendant had "exercised its right to litigate the matter in a federal forum" and that it should "not be deprived of that right when Plaintiff had ample opportunity to assert its claims against Somdal at the time it filed suit but chose not to do so." This finding is in line with the facts presented in the record and the fourth Hensgens factor.

When taken together, the facts and arguments presented by both parties fail to demonstrate that the Magistrate Judge's weighing of the Hensgens factors and ultimate ruling were clearly erroneous or contrary to law.

---

[3] The Court also notes that the Plaintiff has filed a petition in state court against Somdal, indicating that the burden of litigating these claims separately is not insurmountable. Record Document 19, Ex. A.

**IV.    Conclusion**

For the foregoing reasons, this Court **AFFIRMS** Magistrate Judge Hornsby's Memorandum Order [Record Document 11], denying the Plaintiff's motion to amend its complaint.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 2nd day of February, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE