UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DL STAR, LLC                                CIVIL ACTION NO. 14-cv-0952

VERSUS                                      JUDGE FOOTE

ROYAL SEAL CONSTRUCTION, INC.               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

DL Star, LLC contracted with general contractor Royal Seal Construction, Inc. to build a restaurant on Mansfield Road in Shreveport. Disagreements arose, and DL Star filed suit in state court against Royal Seal. The case was removed to this court based on diversity jurisdiction.

Royal Seal filed an answer and counterclaim against DL Star and three other defendants including Anderson Concrete Finishers, Inc. Royal Seal alleged that it entered into a subcontract with Anderson Concrete to furnish the building slab, sidewalks, and other concrete aspects of the project. The subcontract contained a prohibition against assignment without the consent of Royal Seal, but Royal Seal alleges that Anderson Concrete assigned the work to another company that was not a licensed contractor and without the consent of Royal Seal. Royal Seal's counterclaims seeks recision of the subcontract on the grounds of error and fraud, a declaration that Royal Seal owes Anderson Concrete nothing under the subcontract, an award of damages caused by Anderson Concrete, and an award of attorney fees.

Attorney Thomas G. Zentner, Jr. enrolled for Anderson Concrete and filed an answer (Doc. 20) to the counterclaim. Zentner later filed a Motion to Withdraw (Doc. 55) in which he represented that Anderson Concrete consented to his withdrawal from representation. Attached to the motion was a letter from Zentner to Mr. John Anderson at Anderson Concrete to confirm that Zentner would no longer be able to represent the company in this matter. Mr. Anderson signed a statement on behalf of Anderson Concrete that agreed to the withdrawal.

The court issued an order (Doc. 56) that granted Zentner's Motion to Withdraw. The order explained that organizations such as a corporation cannot appear pro se and must be represented by an attorney admitted to the bar of this court. Memon v. Allied Domecq Qsr, 385 F.3d 871, 873 (5th Cir. 2004) (it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney"). Anderson Concrete was allowed until September 28, 2015 to enroll new counsel. The order, a copy of which was sent to Anderson Concrete in care of Mr. John Anderson, warned that failure to retain new counsel by that deadline could result in a judgment of default.

The September 28, 2015 deadline has passed, but there has been no action of record by Anderson Concrete or an attorney acting on its behalf. The court provided ample time for Anderson Concrete to enroll new counsel. The company is not allowed to proceed without an attorney, so the best exercise of the court's discretion in these circumstances is to strike Anderson Concrete's answer and enter a default against it.

Accordingly,

**IT IS RECOMMENDED** that the answer to counterclaim (Doc. 20) filed by Anderson Concrete Finishers, Inc. be stricken and that the Clerk of Court enter a default against Anderson Concrete on the counterclaim.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of October, 2015.



Mark L. Hornsby
U.S. Magistrate Judge